THE STATE OF NEW JERSEY, DEFENDANT IN ERROR, v.
SALVATORE CERLIGIONE, PLAINTIFF IN ERROR.

Submitted October 2, 1945—Decided November 19, 1945.

Before BROGAN, CHIEF JUSTICE, and Justices PARKER and
OLIPHANT.

For the defendant in error, *William A. Wachenfeld,* Prosecutor of the Pleas, and *C. William Caruso,* Special Assistant Prosecutor.

For the plaintiff in error, *Carl Abruzzese.*

The opinion of the court was delivered by

OLIPHANT, J. Plaintiff in error was convicted of breaking, entering and larceny. He was sentenced to the state prison for a term of three to five years.

This writ brings up for review the entire proceedings in the case. *R. S.* 2:195–16, formerly section 136 of the Criminal Procedure Act.

There are thirty-four assignments of error and identical causes for reversal, some of which are abandoned. Those briefed fall into five categories.

In order to determine the first of these it is necessary to set forth the chronological order of events. The crime was committed on July 5th, 1942; the indictment in the case was returned by the grand jury for the September, 1942, term; and it named as defendants Leonard Grippe and "John Doe." There was no description of "John Doe" in the indictment. On April 5th, 1943, the indictment was amended, the name of the plaintiff in error being substituted for "John Doe." On November 1st, 1943, the defendant appeared in court with counsel and pleaded not guilty to the indictment. There was no reservation on his part to withdraw the plea for the purpose of later challenging the indictment. At the time the plea was entered the indictment had already been amended and, manifestly, the plaintiff in error knew it charged him with the crime. The trial date was postponed at the request of the defendant and no steps were taken to attack the validity of the indictment until the day of trial on May 31st, 1945, when a motion was made to withdraw the plea of not guilty for the purpose of filing a plea in abatement and then moving to quash the indictment. This motion was denied and such denial is assigned as error, the argument being that since the indictment originally named "John Doe" as the defendant and contained no description of this defendant it was defective and void.

The fallacy of this argument is that neither the sufficiency of the indictment nor the motion to quash was before the court but simply the propriety of the motion to withdraw the plea.

Defendant at the time he pleaded knew the indictment had been amended, and in November, 1944, filed an order, which he had obtained from the court, giving him leave to serve on the state a bill of particulars in connection with an alibi defense. Therein he described himself as the defendant in the case and thereby indicated that he intended to contest the case on its merits as he likewise had done when he signed his bail piece. He knew at all times he was the person named as the defendant.

It will be observed that defendant's motion to withdraw his plea for the purpose of attacking the indictment was not made until after the running of the statute of limitations.

He had not taken timely action and when done it was too late. The purpose of an indictment, broadly stated, is to name the defendant with certainty and to apprise him fully of the offense of which he is charged. There can be no question here but that plaintiff in error knew he was the party charged and that the grand jury had meant to charge him as set forth in the indictment. The motion was addressed to the discretion of the court. It was a situation analogous to a motion to withdraw a plea of "guilty" and enter one of "not guilty." *Clark* v. *State,* 57 *N. J. L.* 489; *affirmed,* 58 *Id.* 383. Under the facts presented there was no abuse of discretion by the learned trial judge.

It is next argued that the defense was not permitted to show that a state witness, the accusing police officer, gave testimony before the grand jury at variance with that given by him at the trial of the indictment. A defendant is entitled to show such a difference in testimony in order to affect the credibility of the witness, *State* v. *Silverman,* 100 *N. J. L.* 249, but in the instant case there was no error committed as the record conclusively shows such opportunity was granted and exercised.

With regard to the assignments of error contained in this point, there was no reference in the brief of the plaintiff in error to the page and line number in the state of case where the questions and answers might be found to support the arguments made. Proper practice requires such to be done. This is a dereliction of members of the bar too often repeated and

which should be brought forcibly to their attention. As to other assignments of error relating to admission of testimony over objection, no reasons therefor were stated, though rule 144 requires the record to show that the ground of the objection was stated to the trial judge.

Next we find it asserted error was committed by the trial court with respect to questions propounded by the state in the examination of witnesses, over the objections of defense counsel. We do not so hold. A witness produced by a party may be rehabilitated, *State* v. *Neiman*, 123 *N. J. L.* 341; *affirmed,* 124 *Id.* 562, and it is fundamental that the bias, prejudice, partiality and interest of a witness may be shown to enable the jury to determine what credit to give his testimony. The extent of the examination rests largely in the sound discretion of the court.

The first count in the indictment charged the defendants with breaking and entering by night, the second count with breaking and entering by day, and it is next contended there being no evidence produced that it took place during the night, the court's refusal to withdraw the first count from the consideration of the jury was error. There was sufficient evidence in the case to compel the submission to the jury of both counts.

The next point argued is that there was error in the failure to charge a request of the defendant to the effect that when the prosecutor failed to ask one of his witnesses questions on a particular phase of the case the jury is entitled to conclude that the testimony of that witness in that regard would not be of any benefit to the state. We know of no such rule of law. Generally speaking, counsel for either party is entitled to examine a witness on any particular phase of the case. If opposing counsel desires further or other information which he cannot obtain on cross-examination, he may make the witness his own for that purpose.

The last point made is that "by the court's charge the defendant was practically deprived of the benefit of a reasonable doubt." We do not so find. The ultimate determination of defendant's guilt or innocence was left to the jury after a full, able and legally sound charge which included the law

428

of reasonable doubt. If plaintiff in error wished the court to charge in specific language there should have been a request so to do.

There was no error. The judgment is affirmed.