31 N.J. Super. 375 (1954)
106 A.2d 747
SUN DIAL CORPORATION, A CORPORATION OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
CARL D. RIDEOUT, JAMES L. RIDEOUT, ROBERT A. WHITFIELD, NANCY ORI WHITFIELD AND PRECISION MARKING CO., A CORPORATION OF NEW JERSEY, DEFENDANTS-APPELLANTS.
Superior Court of New Jersey, Appellate Division.
Submitted June 28, 1954.
Decided July 2, 1954.
*376 Before Judges CLAPP, SMALLEY and SCHETTINO.
Mr. F.O. Miniutti for plaintiff-respondent (Messrs. Davidson & Miniutti, attorneys).
Mr. Walter D. Van Riper for defendants-appellants (Messrs. Van Riper & Belmont, attorneys).
The opinion of the court was delivered by CLAPP, S.J.A.D.
Defendants appeal from a judgment entered by the Chancery Division, on the ground that it is not in conformity with our mandate in this cause. 29 N.J. Super. 361 (App. Div. 1954), reversing 25 N.J. Super. 591 (Ch. Div. 1953). Certification granted 15 N.J. 379 (1954).
The first matter to be considered (though it should be noticed that neither party raises the point) is whether R.R. 1:10-6(b) requires us to stay this appeal. That rule clearly did not stay the trial court from entering its judgment on our mandate here; R.R. 1:4-6 and 1:4-7 set forth the procedure to secure such a stay, and no such stay has been granted. This appeal has to do merely with the form of the trial court's judgment and hence does not come within the aim of R.R. 1:10-6(b).
We find the appeal here unpersuasive, and are of the view that the judgment assailed adequately expresses our conclusions. *377 It sufficiently complies with the provisions of R.R. 4:67-5 that an injunctive order should be specific in terms and describe in reasonable detail the acts to be restrained.
Finally, defendants ask us to stay the judgment so as to complete work in progress. To do this is not in our province. Not only has a petition for certification been filed, R.R. 1:4-7, but certification has been granted. Application for the stay should be made to the Supreme Court.
Affirmed.