100 N.J. Super. 434 (1968)
242 A.2d 386
ALPHONSE NESTA, PLAINTIFF-APPELLANT,
v.
ARNOLD MEYER, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued March 11, 1968.
Decided April 22, 1968.
*439 Before Judges CONFORD, COLLESTER and LABRECQUE.
Mr. John F. Russo argued the cause for appellant.
*440 Mr. Vincent D. Enright, Jr. argued the cause for respondent (Messrs. Harth & Enright, attorneys).
The opinion of the court was delivered by LABRECQUE, J.A.D.
Plaintiff Alphonse Nesta appeals from a judgment for defendant following an adverse jury verdict, and from denial of his motion for a new trial.
Plaintiff sued for personal injuries arising out of an automobile collision which occurred at the intersection of Route 35 and First Street, Ortley Beach, Ocean County. At the point of the accident Route 35 is a divided highway consisting of two northbound and two southbound lanes (the northbound section is one block to the east of the southbound section). Plaintiff had been following defendant as they were proceeding in a southerly direction in the right-hand lane. He pulled out to pass defendant when he was about 200 feet (one block) from First Street. While plaintiff was in the passing lane defendant attempted a left-hand turn into First Street from the right-hand lane. In doing so he collided with plaintiff with resultant personal injuries to the latter.
The speed limit was 35 miles per hour and there was a sign 75 feet from the point of impact directing traffic to keep right execpt while passing. Plaintiff testified that defendant had been proceeding slowly; he pulled out intending to pass defendant but then changed his mind; he himself was traveling only about 25 miles an hour and the two cars had been moving alongside one another for about 50 feet before the crash. Defendant's version was that he had observed plaintiff approaching from the rear when he was about a block from the intersection. In preparing to make a left-hand turn he had put on his left turn signal "a block back at least" and when about 150 feet from the intersection had applied his brakes. He had reduced his speed to at about five miles an hour when he turned left from the right lane. Plaintiff denied seeing the left turn signal at any time.
*441 The accident was investigated by Officer Chafatelli of the local police who related that he found 15 feet of skid marks made by plaintiff's automobile prior to the point of impact and 35 to 45 feet of skid marks (which were somewhat lighter in color) beyond it. He was unable to state the length of the break between the two sets of skid marks but testified that they were all in the left (passing) lane. Defendant testified that about half an hour after the accident he and another person returned to the scene with a 100-foot tape and found that the skid marks measured 145 feet in length. There was no attempt to reconcile the difference between the two measurements although the break described by Chafatelli may have accounted for part of it.
The jury returned a verdict of no cause for action by a 10 to 2 vote. The trial judge denied plaintiff's motion for a new trial and the present appeal followed.
Plaintiff's first point is two-pronged: that it was error to exclude "expert" testimony by Chafatelli as to plaintiff's speed, based upon the skid marks made by plaintiff's car, and error to allow testimony as to the presence of such skid marks in the absence of expert testimony as to their significance. We find neither contention to be meritorious.
In determining whether the conduct of the respective drivers comported with reasonable care under the circumstances presented at the time of the accident in question, it was proper to submit to the jury evidence as to the skid marks left by their vehicles. These were relevant not only as to speed but as to the location and direction of the vehicles and the reactions of the drivers to the situation which presented itself. Cf. Tischler v. Steinholtz, 99 N.J.L. 149 (E. & A. 1923); DiNizio v. Burzynski, 81 N.J. Super. 267, 272 (App. Div. 1963). Where speed is in issue, the distance required to bring a vehicle to a stop, the skid marks left in connection therewith and the final position of the car, are significant elements. Cf. State v. Kellow, 136 N.J.L. 1, 5 (Sup. Ct. 1947), affirmed 136 N.J.L. 633 (E. & A. 1948). Expert *442 testimony is not a prerequisite to the admission of such testimony.
Plaintiff argues that Officer Chafatelli was qualified as an expert to determine speed based upon skid marks and that it was error to decline to permit him to testify as to plaintiff's speed from the skid marks. We disagree. In general, expert testimony is admissible where the witness offered has peculiar knowledge or experience not common to the world which renders his opinion founded on such knowledge or experience an aid to the court or jury in determining the question at issue. Rempfer v. Deerfield Packing Corp., 4 N.J. 135, 141-42 (1950). In DiNizio v. Burzynski, supra, 81 N.J. Super. pp. 272-274, cited by plaintiff, we held that, where the speed of the vehicle was in issue, opinion evidence from a qualified expert, in reply to a hypothetical question which included the facts in the case concerning the course, length and nature of skid marks left by the vehicle, was properly admitted. In that case the expert witness was a traffic engineer, Director of the Department of Safety and Traffic of the New Jersey Automobile Club and had a long history of training and teaching in the fields of driver education, traffic safety and accident prevention.
Here the police officer was not an engineer and had had no special training in assessing the speed of vehicles from skid marks or other indicia at the scene. It is a matter of common knowledge that skid marks may be affected not only by the speed at which a vehicle is being driven, but by the condition of the surface of the highway, the type of tread and degree of wear of the tires, the weight of the vehicle, the condition of the brakes and the manner in which they are applied. Within the discretion allocated to trial courts in matters of this type, we find no mistaken exercise of discretion in the exclusion of the proffered testimony.
Further, assuming that the testimony was improperly excluded, we are satisfied that plaintiff suffered no prejudice. R.R. 1:5-3(b); cf. DiNizio v. Burzynski, supra, at pp. 274-275. While the offer of proof did not go so far *443 as to state what the officer's estimate of plaintiff's speed would have been had he been permitted to testify, it is entirely reasonable to conclude that had he been permitted to do so his opinion would not have been helpful to plaintiff. He testified in response to a question as to the knowledge he had acquired when attending the Police Academy that "for instance, if there was [sic] 50-60 feet of skidmarks, the car was [going] well over 85 miles an hour."
Plaintiff next contends that the trial judge erred "in not illustrating and defining to the jury the effect of speed with regard to proximate cause and in refusing to charge plaintiff's request[s] concerning the same."
Since there was no objection to the charge, R.R. 4:52-1, such a contention on plaintiff's part would ordinarily be cognizable only as plain error. R.R. 1:5-3(c). Plaintiff urges, however, that since his contention under this point was raised in timely requests to charge, he was not required to again object to the failure to charge them. We disagree. It was held to the contrary in In re Parking Authority of City of Hackensack, 30 N.J. Super. 534, 543 (App. Div. 1954). Further, at the conclusion of the charge counsel for plaintiff was addressed directly by the court as to whether he was objecting to the charge as given and stated in reply, "I have no objections." Later, after the jury had been recharged in response to a juror's question bearing on whether speed of itself would constitute contributory negligence, the court again inquired of counsel, "do you have anything to add?" to which counsel for plaintiff replied, "I think your Honor covered it." See Keiffer v. Food Products Trucking Co., 73 N.J. Super. 285, 305 (App. Div. 1962), certification denied 37 N.J. 524 (1962). Thus his two affirmative representations to the court that he was satisfied with the charge as given amounted to much more than mere omission to object. See Lippman v. Ostrum, 22 N.J. 14, 26 (1956).
The fact that a party has submitted a timely request to charge, does not ordinarily dispense with the obligation imposed by R.R. 4:52-1 to object to the trial judge's *444 omission to so charge. When counsel conceives that a portion of the charge as given is inadequate or inconclusive  especially upon specific inquiry by the judge upon a subject close to or identical with matters involved in the request to charge  it becomes his duty to alert the court in clear language to the claimed inadequacy or error, stating his grounds therefore. Here counsel, on inquiry, did exactly the opposite. We are satisfied and hold that the point raised may be considered only as plain error and we proceed to its consideration on that basis.
Specifically, plaintiff argues that the trial judge should have charged two of his requests bearing on contributory negligence (they are not contained in the appendix) the pertinent portions of which are alleged to have been as follows:
"There has also been testimony introduced in this matter regarding the question of speed of the plaintiff's vehicle. I charge you in evaluating this question of contributory negligence that contributory negligence is conduct on the part of the plaintiff that involved an unreasonable risk of harm to him and contributes as a legal cause to his injury. But, in order to bar recovery, the unreasonableness of the plaintiff's conduct must have been in its tendency to expose him to the particular risk from which his injury resulted. Thus, a person injured by one means is not denied recovery for his failure to guard himself against potential harm from another entirely unrelated means.

* * * * * * * *
* * * that if you find that Alphonso Nesta was negligent but that such negligence simply presents the condition under which the injuries were received but was not a contributory cause thereof, then such negligence would not be considered a proximate cause of the plaintiff's own injuries. Thus, in order to bar recovery by the plaintiff for the injuries sustained the defendant must prove by a preponderance of the evidence that the plaintiff was negligent and must further prove by a preponderance of the evidence that the plaintiff's negligence proximately, that is directly, contributed to the happening of the accident and the resulting injuries."
It would have been appropriate had the jury been charged as requested. The fact that a plaintiff has failed to exercise reasonable care for his own safety does not bar his recovery unless his harm has resulted from one *445 of the hazards which makes his conduct negligent. Restatement, Torts § 468, p. 516 (2d ed. 1965). As is stated in the comment which follows the above section:
"When the harm to the plaintiff does not result from the only hazard which his conduct has created, or from one of the group of hazards which go to make up the total risk to which his conduct has exposed him, but results in some other manner, his contributory negligence does not bar his recovery. Thus one whose negligent conduct in crossing a street without looking out for vehicles has subjected him to the risk of being run down by a car is not barred from recovery where, as a result of that conduct, he is unforeseeably injured by an explosion of dynamite carried in a truck which collides with an automobile."
By clear analogy, where an automobile is struck by a tree which falls across the highway, the driver is not to be held guilty of contributory negligence because his presence there at the time the tree fell was occasioned by the fact that prior thereto he had exceeded the speed limit. Prosser, Torts § 64, pp. 431-432 (3d ed. 1964). In such case the fall of the tree would be an unexpected and fortuitous occurrence which had no relation to the necessity that the driver proceed at a reasonable speed. Cf. Stoelting v. Hauck, 32 N.J. 87, 101 (1960).
In considering whether the omission to charge as requested calls for reversal under the plain error rule we note that this alleged deficiency has not been briefed by plaintiff as plain error nor has plain error been included as an issue in the Statement of Questions Involved in his brief as required by R.R. 1:7-1(c). Brodzinski v. Pulek, 75 N.J. Super. 40, 44 (App. Div. 1962), certification denied, Brodzinski v. Pulek, 38 N.J. 304 (1962). Ordinarily, no point will be considered which is not set forth or necessarily suggested in the Statement of Questions Involved. Aiello v. Myzie, 88 N.J. Super. 187, 193 (App. Div. 1965), certification denied 45 N.J. 594 (1965). However, we have considered the issue and find it to be without merit.
*446 We have noted above that, notwithstanding the failure of the court to charge as requested, plaintiff's counsel, at the conclusion of the charge as delivered, and again at the conclusion of the supplementary charge on proximate cause given in response to a juror's question, affirmatively expressed satisfaction with the charge. He did so even though he knew at the time that it did not contain the essence of the formal requests whose omission he now argues was error. We incline to the view that the sound administration of justice does not permit a litigant to avoid the effects of such conduct under cover of the plain error rule.
Relief under the plain error rule is to be sparingly granted. Ford v. Reichert, 23 N.J. 429, 435 (1957). The purpose of the rule requiring objection to the charge is to alert the trial judge to the asserted error and thus afford him an opportunity of correcting it before the jury retires to deliberate. Gluckauf v. Pine Lake Beach Club, Inc., 78 N.J. Super. 8, 18 (App. Div. 1963). Frequently, for reasons of trial strategy or otherwise, experienced counsel elects to overlook an omission or inadvertence on the part of the trial judge. In such case an inference of passive indifference, if not acquiescence, may be drawn. Cf. Priest v. Poleshuck, 15 N.J. 557, 564 (1954); Valls v. Paramus Bathing Beach, Inc., 46 N.J. Super. 353, 357 (App. Div. 1957). But counsel may not be permitted to overlook alleged error in the charge as given to gamble on a favorable verdict and, upon the coming in of an adverse one, seek a "second bite of the apple" on the basis of plain error. Cf. Lippman v. Ostrum, supra, 22 N.J., at p. 26. Here we are satisfied and hold that counsel's affirmative expressions of satisfaction with the charge as given so strongly bespoke acquiescence as to lead us to the conclusion that denial of the relief sought on the basis of plain error would not be inconsistent with substantial justice. R.R. 1:5-3(c).
Plaintiff next urges that it was error to permit defense counsel to question him with regard to skid marks at the scene other than those made by the respective vehicles. *447 During plaintiff's cross-examination he was asked whether he found other skid marks and replied in the affirmative. He was then cross-examined without objection until he was asked to describe their length. Plaintiff then objected but the question was allowed for the purpose of affecting his credibility by demonstrating that his testimony at the trial varied from that given in his prior deposition. The trial judge is vested with considerable discretion in determining the extent to which cross-examination may be permitted. We do not find that it was mistakenly exercised here and, in any event, plaintiff could have suffered no prejudice thereby, R.R. 1:5-3(b), since the trial judge made it clear that the marks were unconnected with the accident.
Plaintiff next complains that it was error "to permit the defendant to testify with regard to the out-of-court statement of a witness and * * * to refuse to allow the plaintiff to introduce a statement concerning the same." We find this point to be without merit.
The trial judge did not "permit" defendant to so testify. In his direct examination defendant had testified that he and a friend named Baker had returned to the scene of the accident one-half hour after its occurrence, and had found that the skid marks left by plaintiff's car measured 145 feet in length. Baker was not produced, defendant testifying that upon endeavoring to reach him he found that he had gone to Boston. During the course of his cross-examination the following took place:
"Q. You don't know this yourself?
A. What is that?
Q. That Mr. Baker went to see his children in Boston?
A. Oh, he's there, he's gone.
Q. Well, somebody told you that?
A. Yes.
Q. Have you made any attempts to go to his house and subpoena him to come here to Court in this trial, or anyone on your behalf?
A. I was over his home on Thursday morning, the day of the trial, when we were to appear here, and explained to him that he *448 probably would be needed in Court and he told me then that someone had come to his house with a statement to sign, stating that the skidmarks were 145 feet, that he was at the scene of the accident after it happened, and they asked him to sign this affidavit, or whatever it was, and he was told that he wouldn't have to bother to appear."
Most of the final answer was clearly not responsive and could have been, but was not made the subject of a motion to strike by counsel for the plaintiff. Instead, he elected to let the answer stand and sought to utilize it as a basis for the introduction of an alleged statement (referred to as having been signed by Baker) which he produced and asked Meyer to examine to see if there was any reference in it to 145 feet of skid marks (the inference was that there was not). In the absence of any identification of the statement or proof that it was the one referred to by Baker as related in defendant's hearsay testimony, this procedure was clearly irregular and the trial judge properly sustained defendant's objection to the question. During the colloquy which preceded the ruling counsel for plaintiff repeated the witness' statement in the presence of the jury. Following the ruling there was no motion to strike. There was no error.
We further hold that the judgment was not invalidated by receipt of the jury's verdict and the polling of the jury in the absence of plaintiff's counsel. This point is not supported by any factual reference to the appendix. Plaintiff states in his brief that both his and defendant's counsel had left telephone numbers with "the court" where they could be located when the jury was ready to render its verdict, but counsel for plaintiff was "not notified" and the verdict was received when only counsel for defendant was present. In the absence of an allegation that no attempt was made to locate counsel for plaintiff, we assume that such an attempt was made but counsel could not be immediately located.
Plaintiff has cited no case which holds that the verdict in a civil case may not be received by the court and *449 the jury polled in the absence of counsel, and we know of none. The general rule is to the contrary where there is no statute or rule which requires counsel's presence. 89 C.J.S. Trial § 489, p. 149 (1955); Henderson v. Zubik, 390 Pa. 521, 136 A.2d 124, 127 (Sup. Ct. 1957). See also Gould v. Magee, 3 N.J.L. 66 (475) (Sup. Ct. 1809). Of course, normal practice contemplates that both counsel be in the courtroom when the jury returns its verdict and counsel should take care to be present without putting the court to trouble or delay in locating him. It is conceded that the verdict was received and the jury polled in open court in the presence of the trial judge, see R.R. 4:40-4, and that plaintiff's counsel entered the courtroom just as the jury was leaving. His objection to such procedure, if any, should have been made to the court at that time.
The refusal of the trial judge to permit plaintiff to introduce evidence that defendant had been issued a summons for careless driving was likewise proper. While conceding that ordinarily it would be improper to allow evidence that a party involved in an accident had been issued a traffic summons, plaintiff contends that the evidence was admissible here for the purpose of showing "interest" on the part of defendant. Not so. State v. Cerligione, 133 N.J.L. 424 (Sup. Ct. 1945), affirmed 134 N.J.L. 617 (E. & A. 1946), and State v. Salimone, 19 N.J. Super. 600 (App. Div. 1952), certification denied 10 N.J. 316 (1952), cited by plaintiff in support of this contention, are inapposite. The evidence was properly excluded. Hintz v. Roberts, 98 N.J.L. 768, 771 (E. & A. 1923); Hoffman v. Goldfield, 129 N.J.L. 359, 362 (Sup. Ct. 1943).
Plaintiff contends that the trial judge's denial of his motion for a new trial was error. He urges that defendant's negligence was clearly established and that any finding that plaintiff was guilty of contributory negligence was so contrary to the weight of the evidence as to justify the conclusion that it was the product of mistake, passion, partiality or prejudice. The thrust of his argument is that the only *450 possible conclusion from the proofs was that he was free from contributory negligence since he had been guilty of no negligence and, even if he had, the accident would have occurred regardless of it.
The trial judge, following the mandate of R.R. 4:61-1 and applying the rule laid down in Kulbacki v. Sobchinsky, 38 N.J. 435, 444 (1962), declined to disturb the verdict. Having observed the witnesses, he was in a better position than we to judge of their credibility. Hartpence v. Grouleff, 15 N.J. 545, 549 (1954). We may disturb his adverse ruling on the motion only if it amounted to a "manifest denial of justice under the law." Our review of the record before us convinces us that it did not.
Plaintiff was required to operate his vehicle at such speed and under such control as would a reasonably prudent person, having in mind the traffic conditions ahead. He had been following defendant and when 200 feet from the intersection attempted to pass. His speed in this endeavor could have been found to be related to the failure on his part to observe the turn indicator on defendant's vehicle. Further, the hazards peculiar to speed involve diminished control of the vehicle. 2 Harper & James, the Law of Torts, § 20.5, p. 1148 (1956). Here, the faster he accelerated as he approached the intersection in the act of attempting to pass, the less able he would have been to control his vehicle in the event of any movement of defendant's car to the left, and the more likely the chance of a collision between them. The issue of whether or not his speed (in terms of being too fast for conditions) amounted to contributory negligence was peculiarly for the jury's determination. It could either have found that his speed proximately contributed to the occurrence of the accident, having in mind the aggregate of the hazards he should reasonably have foreseen might result therefrom, or that the movement of defendant's car was such an unexpected event that plaintiff's speed played no part in bringing about the ensuing collision, i.e., the collision would have occurred regardless of the *451 speed at which he was traveling. Cf. Menger v. Laur, 55 N.J.L. 205, 215 (Sup. Ct. 1893). See also Berry v. Sugar Notch Borough, 191 Pa. 345, 43 A. 240 (S.Ct. 1899).
Plaintiff's argument presumes that the jury was bound by his testimony that as he was proceeding slowly opposite defendant's car the latter turned left directly into him. But the jury could have determined from the evidence that the relative position of the cars was not as he had testified and that he was traveling much faster than he had admitted. He told Officer Chafatelli at the scene that defendant made a turn into his "path," which would indicate that the cars were not abreast when defendant made his move. Confirmation of this is found in Chafatelli's testimony that the initial skid marks made by plaintiff's car began 15 feet before the point of impact. If allowance is made for reaction time, the jury could have found that plaintiff was aware of defendant's move some time before his wheels began to leave skid marks. He admitted telling Mrs. Meyer immediately after the accident that if he had seen their signal he would have stopped. The jury could have concluded from the proofs that if he had been paying better attention to the signals of the car ahead and driving more slowly, plaintiff would not have sustained the injuries claimed.
We find the remaining points raised to be without merit.
Affirmed.