STATE OF NEW JERSEY, PLAINTIFF, v. CHARLES P. KAUFMAN, III, DEFENDANT.

Superior Court of New Jersey
Law Division, Criminal
Hunterdon County

Decided June 16, 1980.

*Neil S. Cooper*, First Assistant Prosecutor, for plaintiff (*William B. Palleria*, Hunterdon County Prosecutor, attorney).

*Robert Seewald*, of the Pennsylvania Bar, for defendant (*Thomas B. Mading*, attorney).

D'ANNUNZIO, J. S. C.

Defendant applies for admission to bail pending his petition for *certiorari* to the United States Supreme Court. His application is denied on the ground that this court has no authority to entertain it.

On October 17, 1978 defendant pled guilty to possession of a controlled dangerous substance with intent to distribute. On December 15, 1978 he was sentenced to serve not less than five years nor more than seven years in the State Prison. Defendant was admitted to bail by the trial judge pending his appeal to the Appellate Division from the trial court's denial of his motion to suppress evidence. See *R.* 3:5–7(d). The Appellate Division affirmed substantially for the reasons expressed by the trial judge.

On April 23, 1980 the Appellate Division continued defendant on bail pending his application for certification to the New Jersey Supreme Court. The Supreme Court denied defendant's petition for certification. Defendant is in the process of preparing a petition for *certiorari* to the United States Supreme Court.

*R.* 2:9–4 provides for the admission of a defendant to bail pending an appeal or petition for certification. The pertinent portion of the rule provides:

> ... the defendant in criminal actions shall be admitted to bail on motion and notice to the county prosecutor pending the prosecution of an appeal or proceedings for certification only if it appears that the case involves a substantial question which should be determined by the appellate court and that the safety of any person or of the community will not be seriously threatened if the defendant remains at large. Pending appeal to the Appellate Division, bail may be allowed by the trial judge, or if denied by him, by the Appellate Division, or if denied by the Appellate Division, by the Supreme Court. Following disposition in the Appellate Division and pending proceedings in the Supreme Court, bail may be allowed by the Appellate Division or if denied by it, by the Supreme Court.

Two observations must be made. The rule is silent with regard to admission to bail pending proceedings in a federal court after exhaustion of state remedies. With regard to state appellate proceedings, the format of the rule is to authorize the court last entering a judgment or order to entertain the bail application in the first instance and, if the application is denied, it authorizes a further application to the court to which the matter is being appealed. There is no express authority to this court to entertain the present application, and the format of the rule indicates that this court has no implied or inherent authority because the last order entered was that of the New Jersey Supreme Court.

The rationale for this approach is clear especially when one of the grounds for admission to bail pending appeal is considered. A convicted defendant may be admitted to bail "only if it appears that the case involves a substantial question which should be determined by the appellate court". *R.* 2:9–4. For this court to even consider defendant's application, it would have to evaluate the substance of the legal issue involved. The granting of this application would require a finding of a substantial issue which the United States Supreme Court should determine. For this court to even consider such a question in light of the New Jersey Supreme Court's denial of defendant's petition for certification would be highly improper. *See Sun Dial Corp. v. Rideout,* 31 *N.J.Super.* 375 (App.Div. 1954).