KENNETH C. HARTPENCE, PLAINTIFF-APPELLANT, v. HANS GROULEFF, DEFENDANT-RESPONDENT.

Argued April 5, 1954—Decided May 31, 1954.

Mr. *Franklin W. Kielb* argued the cause for the appellant.

Mr. *Anthony M. Hauck, Jr.,* argued the cause for the respondent (*Messrs. Hauck and Herrigel,* attorneys).

The opinion of the court was delivered by

OLIPHANT, J.   We granted certification on this appeal from a judgment of the Appellate Division of the Superior Court which set aside an order of the Hunterdon County Court granting a new trial in an action in negligence. The jury had returned a verdict of no cause of action.

The appellant was an invitee in an automobile owned and operated by the defendant-respondent. He was sitting with others in the rear seat of the car that was being driven in a westerly direction toward Frenchtown, New Jersey. A snow storm had occurred a few days prior to the date of the accident.   In the defendant's language the road was "pretty clear.   It had a little ice spot once in a while."   This is reasonably consistent with the testimony of the appellant's witnesses that there were icy spots together with some snow on the road.   The testimony varies but all agree that the car was travelling in excess of the established speed limits for this section of the road.   The defendant admitted taking some alcoholic beverages some time prior to the accident.   The car hit an icy spot and skidded down the road sidewise about two hundred feet and crashed into a tree.   The defendant's testimony appears vague and uncertain when he fixed the distance of 60 or 75 feet.   This fact of the distance of the skid is of the utmost importance and the trial judge who saw the witnesses and heard their testimony was in a better position to appraise its weight and credibility than the Appellate Division and this court which merely has seen the bare record and an obviously attenuated one.

The appellant's motion for the new trial was made on the ground that the jury's verdict was against the weight of the evidence.   The motion was granted and Judge Colie, sitting in the County Court, set forth the reasons which prompted him to grant the new trial, *R. R.* 4:61–1(*d*), and stated in conclusion that "I feel the jury could have arrived at its verdict only as the result of passion, mistake or prejudice," *R. R.* 4:61–1(*a*).

The defendant then made a motion before the Appellate Division for leave to appeal, *Rule* 4:2–2(*b*), now *R. R.* 2:2–

3(4)(b), and such leave was granted apparently on the theory that if a proper ground existed for the reversal of the trial court's order, the litigation would be terminated.

While there might be a difference of opinion among legal minds as to the propriety and reasonableness of the trial court's action, much more is required before such action by a trial court can be reversed.

In its opinion, 28 *N. J. Super.* 125 (1953), the Appellate Division reviewed a number of decisions dealing with motions for a new trial and the review thereof. It pointed out that appellate courts have held that they will not reverse such action by a trial court unless they find there was "an abuse of discretion," "a 'clear' abuse of discretion," or the court "acted unconscientiously," or "acted unconscionably," or there was "a 'manifest denial of justice.'" All these words and phrases have the same general meaning and merely point up the rule which underlies such action by an appellate court. It is that the action of the trial court should not be disturbed unless it is clearly manifest that the action of the trial court was without basis in law or fact, or both, with the result that there was a denial of justice under the law.

The Appellate Division rested its judgment of reversal on the reason that there was a manifest denial of justice, but at the same time stated "We cannot say * * * that the trial court acted unconscionably." This appears to be a clear contradiction of terms because if there was a manifest denial of justice there necessarily would be an unconscionable action. But such is not the situation here.

It is true that among the reasons given for granting the new trial, the trial court stated that the cause was controlled by the decision in *Mackenzie v. Oakley*, 94 *N. J. L.* 66 (*Sup. Ct.* 1919), a case dealing with the doctrine of *res ipsa loquitur*. We do not consider that such doctrine or rule is applicable to this case which was tried on the theory that defendant operated his car at an excessive rate of speed under the existing road conditions and failed to keep it under proper control.

■ The trial court charged the jury generally on negligence and contributory negligence, and the charge as to the latter appears to have had a tendency to mislead and it could very well be that the jury determined the case on that issue. Trial judges are wont to set aside verdicts, and properly so, when they are convinced or have a grave doubt that a portion of the charge may have misled the jury.

■■ A trial judge is in a better position than an appellate court to decide whether justice has been done under the particular circumstances and the weight of the credible evidence. He sees and hears the witnesses, observes their demeanor and reactions, none of which has life in the record on appeal. He is in a position to know and equate all the factors, including any error he may have made, and establish a basis which leads to the conclusion that the verdict was the result of passion, mistake or prejudice. His action should not be disturbed unless it clearly and unequivocally appears there was a manifest denial of justice under the law. We find no such situation here. The Appellate Division merely substituted its judgment for that of the trial judge by evaluating the evidence in a light that would justify the jury verdict. It did not demonstrate how the granting of the new trial would cause a denial of justice under the evidence and law of the case.

The judgment is reversed and the cause remanded for a new trial.

*For reversal*—Chief Justice VANDERBILT, and Justices HEHER, OLIPHANT, BURLING, JACOBS and BRENNAN—6.

*For affirmance*—Justice WACHENFELD—1.