70 N.J. Super. 565 (1961)
176 A.2d 243
VIOLET M. BARR, INDIVIDUALLY AND AS GENERAL ADMINISTRATRIX AND AS ADMINISTRATRIX AD PROSEQUENDUM OF THE ESTATE OF THOMAS J. BARR, DECEASED, PLAINTIFF-APPELLANT,
v.
EARL P. FRANCKS, AND UDDO & TAORMINA CORPORATION OF VINELAND, AND EDWARD BAILEY, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued November 20, 1961.
Decided December 4, 1961.
*567 Before Judges GOLDMANN, FOLEY and NADELL.
Mr. Martin L. Haines argued the cause for appellant (Messrs. Dimon, Haines & Bunting, attorneys).
Mr. Samuel P. Orlando argued the cause for respondents (Mr. Charles A. Cohen, on the brief).
The opinion of the court was delivered by GOLDMANN, S.J.A.D.
This appeal covers two trials. Plaintiff, individually and as general administratrix as well as administratrix ad prosequendum of the estate of her husband, Thomas J. Barr, deceased, appeals from (1) an order of the Law Division in the first trial of this case granting a new trial; (2) the judgment in the second trial entered on a jury verdict in favor of plaintiff against defendant Francks, and in favor of defendants Uddo & Taormina Corporation of Vineland and Edward Bailey, and against plaintiff; and (3) an order denying plaintiff's motion for a new (and third) trial.
This action arose out of an accident which happened on Route 206 early in the evening of November 20, 1958. Plaintiff was a passenger in an automobile owned and operated by her husband. Defendant Francks was the owner and driver of an automobile proceeding in the opposite direction. The Francks car suddenly swerved into the lane in which the Barrs were travelling and crashed head-on into their car. Plaintiff and her husband were severely injured and the husband died two days later.
According to Francks, as he came over a knoll he saw defendant Uddo & Taormina's tractor-trailer some 200 yards ahead. The trailer had no lights. The tractor-trailer pulled out into Francks' lane; he tried to avoid striking it by passing to its right, but upon seeing another trailer parked at the side of the road, he was forced to turn left into plaintiff's lane, hitting the Barr car head-on. The two automobiles collided at a point approximately 100 feet back of the Uddo & Taormina tractor-trailer. The *568 trucking company claimed that both tractor-trailers were lawfully parked by the side of the road and should have been plainly visible to Francks, and that the tractor-trailer he saw had its lights on.
Plaintiff sued Francks and Uddo & Taormina. Defendants cross-claimed against each other for contribution under the Joint Tortfeasors Act, N.J.S. 2A:53A-1 et seq. The first trial resulted in a verdict for plaintiff, suing in her several capacities, of $29,542 against both defendants. Plaintiff moved for a new trial as to damages only; defendants countered with a motion for a new trial as to all issues. The Law Division judge granted defendants' motion, stating:
"Gentlemen, I don't think there is any doubt in any counsel's mind that I personally was highly dissatisfied with the charge as I finally gave it. * * * I think there was some omission, I believe there were some words of commission in the charge which should not have been in there. * * * I am not satisfied that the jury would have returned the same verdict as it did. This may very well apply to the extent of any verdict as well as the actual findings of negligence against the two defendants, and for that reason if no motion had been made, I would have granted a new trial on my own motion, * * *. It is seldom that I have been dissatisfied with my own charge. This is one of the few cases where I not only was, but still am dissatisfied with it, and for that reason I am going to grant the motion for a new trial both as to cause of action and as to damages. * * *"
Plaintiff moved for leave to appeal the granting of a new trial. We denied the motion.
Plaintiff was then permitted to amend her complaint and add as a defendant Edward Bailey, driver of the Uddo & Taormina tractor-trailer. After the filing of amended pleadings, and the entry of a supplemental pretrial order following additional discovery proceedings, the case was tried before another judge, the judge in the first trial having died meanwhile. The jury returned a verdict in favor of plaintiff in the sum of $69,993.60 against Francks only, finding no cause of action against the corporate defendant and its driver. Plaintiff moved for a new trial because the verdict was against the weight of the evidence, *569 refusal of the trial judge to charge the jury as requested by plaintiff, and errors in the charge. The motion was denied.
On this appeal plaintiff claims error by the first trial court in granting a new trial and seeks restoration of the first verdict. If this relief is denied, she seeks a third trial on the ground of multiple error committed at the second trial. Francks has not appealed and, although served with plaintiff's notice of appeal, did not file a brief or appear at oral argument.
Defendants challenge plaintiff's right to appeal from the order granting the first new trial motion. They argue that the second trial, and the verdict and judgment entered thereon, superseded the first trial and its results, so that "no residual vestige of the first trial survives upon which appellate consideration can now be brought to bear." The order granting a new trial was not appealable, except by judicial grace, and having been refused, nothing is left of it. We are of a contrary view.
Our denial of plaintiff's application for leave to appeal the granting of a new trial as to all issues left her contentions unresolved until the case had been fully tried and final judgment entered. Simple justice requires that plaintiff, who now appeals as of right from that final judgment, be permitted to present for determination all errors claimed to inhere in the action. Cf. Davis v. Tallon, 91 N.J.L. 618, 620 (E. & A. 1918).
At the time of the argument on the counter-motions for a new trial following the first trial, plaintiff by her counsel announced to the court that she was withdrawing her motion for a new trial limited to damages only because she did not wish "to go through another ordeal of five days of trial." The trial judge then heard defendants' argument for a new trial as to all issues. The argument of counsel for defendants centered upon the trial judge's failure properly to charge the jury as to proximate cause. That deficiency had been pointed out to the court by defense *570 counsel immediately following the charge and before the jury retired to consider its verdict.
We have examined the charge and fully agree that the issue of proximate cause was not properly presented to the jury. The trial judge first defined "negligence" and then proceeded to give the jury a correct definition of "proximate cause." However, at no time thereafter did he instruct the jury that to find liability it must determine that the negligence of either or both defendants was the proximate cause of the collision. The problem of causation was as important in the factual setting of this case as it was in Kreis v. Owens, 38 N.J. Super. 148 (App. Div. 1955).
As noted, nowhere in the charge was the jury told that a defendant may be held liable for his negligent conduct only if that conduct was the proximate cause, or a proximate cause, of the accident. The function of the doctrine of proximate cause as a limitation upon legal liability for effects traceable to the defendant was never touched upon, let alone explained. The jury was never told of the use it was to make of the definition of "proximate cause" given them  not even after defense counsel had protested the deficiency in the charge and so afforded the trial judge an opportunity to give the jury supplementary instructions before it retired. The jury was thus sent to its deliberations without the guidance which the law requires.
Plaintiff makes some claim that defendants' notice of motion for a new trial as to all issues did not point out the failure of the trial court properly to charge proximate cause. The notice of motion did not specifically mention this particular deficiency, but did state that a new trial should be granted because the court charged the jury "erroneously over the objection on the part of this defendant [Uddo & Taormina], which objections are recorded in the transcript of this trial and relate to statutory charge and otherwise as set forth in the transcript and which will more specifically be placed before the court *571 prior to argument." The court's attention was therefore clearly directed to the objections that had been made after the completion of the charge. Moreover, the proximate cause issue was fully argued, without objection on plaintiff's part, at the hearing on the cross-motions for a new trial.
The trial judge did not act arbitrarily or abuse judicial discretion in granting defendants a new trial as to all issues. In Hartpence v. Grouleff, 15 N.J. 545 (1954), the Supreme Court sustained the trial judge's grant of a new trial, stating:
"* * * Trial judges are wont to set aside verdicts, and properly so, when they are convinced or have a grave doubt that a portion of the charge may have misled the jury.
A trial judge is in a better position than an appellate court to decide whether justice has been done under the particular circumstances and the weight of the credible evidence. He sees and hears the witnesses, observes their demeanor and reactions, none of which has life in the record on appeal. He is in a position to know and equate all the factors, including any error he may have made, and establish a basis which leads to the conclusion that the verdict was the result of passion, mistake or prejudice. His action should not be disturbed unless it clearly and unequivocally appears there was a manifest denial of justice under the law. We find no such situation here. * * *" (at page 549) (Italics ours)
In Hartpence, as here, the trial judge vacated the verdict because he had misgivings about his charge.
Plaintiff argues that assuming a new trial was properly granted, the charge at the close of the second trial was fatally defective in its failure to define and explain "proximate cause." We have examined the charge and find that "proximate cause" was correctly defined and explained. Whereas at the first trial the whole subject was compressed into one short paragraph of definition, expressed in abstract terms, by contrast "proximate cause" was fully treated at the second trial, with suitable repetition for emphasis and elucidation. The jury was clearly and correctly instructed not only as to the definition of "proximate cause," but the necessity of finding that the negligence of *572 either or both defendants (if negligence were found) had to be causally related to the collision.
Plaintiff also claims error at the second trial because the court permitted defendant Francks to withdraw his cross-claim against the other defendants, and the jury was not sufficiently instructed concerning this withdrawal. The trial judge had delivered the main part of his charge. Out of the presence of the jury, and while objections to the charge were being entered and discussed, the question of Francks' cross-claim against the other defendants arose. After some discussion Francks' counsel said:
"Now, if your Honor will make clear that there are one of three verdicts that may be brought insofar as against the defendants are concerned, namely they could bring in a verdict against Francks; they could bring one in against both of them and they could bring one in against Uddo and Taormina and Bailey. I am perfectly willing to have the cross-claim feature eliminated from it so that there will be no misconception as to what the verdicts should be."
When the jury returned to the court room, the trial judge delivered additional instructions and also touched upon the cross-claim as follows:
"Now, near the end of my charge I made some mention of a cross-claim by the defendant, Francks, against the defendants, Bailey and Uddo and Taormina Corporation. While there is a cross-claim in the pleadings and it is part of this case, on reconsideration counsel for the defendant, Francks, has determined that inasmuch as all of the parties here are defendants that there is no point in now pressing the cross-claim even though it be part of the pleadings and that it tends to confuse. Therefore, I instruct you to ignore any instructions that you have had with respect to a cross-claim because counsel, in effect, has withdrawn his cross-claim. That is not to say that as a defendant he does not argue all of the defenses with respect to the principles of law as they apply to Francks and to the other defendants[;] but with respect to an attempt by Francks to obtain affirmative relief by way of the cross-claim[, i]gnore that because counsel has withdrawn it from the case." (Italics ours)
During the whole of this episode counsel for plaintiff made no objection to the course proposed or to the observations and instructions of the trial judge. Plaintiff now *573 argues that the inference the jury might have drawn from the withdrawal of the cross-claim was that Francks' counsel had concluded there was no negligence on the part of the other defendants, and so there was no point in pursuing his claim against them. The drawing of such inference, it is claimed, may well have accounted for the difference between the verdict at the first trial when the trucking company was held responsible, and that at the second trial when it was held not responsible. Acknowledging that no objection was made until the argument on her motion for a new trial, plaintiff now argues that the error was nevertheless so basic as to fall within the plain error rule. (Despite this claim of plain error, we note that counsel in his brief describes the inference the jury may have drawn from the withdrawal of the cross-claim as "almost prejudicial" to her cause.)
If plain error is to be found, this court must now say that, notwithstanding the italicized portion of the supplementary charge quoted above, the jury was misled and plaintiff's substantial rights affected. In giving the supplementary instruction on Francks' withdrawal of his counterclaim, the trial judge was obviously trying to simplify the issues. He cautioned the jury as much as the occasion required when he said that Francks would not attempt to obtain affirmative relief by way of cross-claim, but that he maintained all his defenses as they applied to himself and to the other defendants. The meaning is clear: Francks was persisting in his total defense, and this defense included the claim that the other defendants were entirely to blame for the accident.
Finally, plaintiff urges that the trial court erred in refusing to permit her to amend the pretrial order to include the charge of driver Bailey's fatigue, except upon terms.
No allegation was made in the complaint, the amended complaint, the first pretrial order, or the second pretrial order, that Bailey, driver of defendant trucking *574 company's tractor-trailer, was fatigued, or that on that account he did not have his vehicle under control, or that his alleged fatigue had any causal connection with the accident. At the second trial, and before any witnesses were heard, it was made clear that plaintiff would argue that the driver was fatigued because he had been on the road a number of days and had slept at truck stops or service stations. Defendants objected because the pretrial order did not include an allegation of driver fatigue. The question of amendment then arose. The trial judge said that if he permitted plaintiff to raise the question of the driver's fatigue, he should also permit defendants to have an opportunity to meet the issue by postponing the trial, stating, "I think there is unquestionably the right to allow an amendment here, but I think in the interest of justice I would have to allow it on terms." He concluded that if plaintiff insisted upon the amendment, the trial would have to be postponed. Plaintiff's counsel elected to proceed with the trial.
Under R.R. 4:15-2, if evidence not within the issues made by the pleadings and pretrial order is offered and objected to, "the court may allow the pleadings and pretrial order to be amended and shall do so freely when the presentation of the merits of the action will be subserved thereby and the objecting party fails to satisfy the court that the admission of such evidence would prejudice him in maintaining his action or defense upon the merits. The court may grant a continuance to enable the objecting party to meet such evidence." The last sentence of the rule clearly authorized what the trial judge did.
If the question of Bailey's fatigue was as important as plaintiff now claims, it should have been included in the amended pleadings or supplemental pretrial order. When she failed to include that issue, she ran the risk that a continuance would be granted at the trial to allow defendants to investigate the allegation so as to present a defense and rebut the claim. We find that the conditioning of *575 the amendment upon plaintiff's acceptance of a continuance of the trial was not, in the circumstances, an abuse of discretion.
The judgment below is affirmed.