129 N.J. Super. 554 (1974)
324 A.2d 128
SARA J. KUHNER AND FREDERICK KUHNER, HER HUSBAND, PLAINTIFF,
v.
MARLYN MANOR, INC., A CORPORATION OF NEW JERSEY, HORACE SMITH, AND CHRYSLER CORPORATION, A FOREIGN CORPORATION, JOINTLY, SEVERALLY AND IN THE ALTERNATIVE, DEFENDANTS.
Superior Court of New Jersey, Law Division.
Decided July 31, 1974.
*556 Mr. James Cooper argued for plaintiffs (Messrs. Cooper, Perskie, Neustadter & Katzman, attorneys).
Mr. Roger Steedle for defendant Horace Smith (Messrs. Lloyd, Megargee & Steedle, attorneys).
Mr. Douglas R. Kleinfeld for defendant Chrysler Corporation (Messrs. Conway, Reiseman & Michals, attorneys).
STALLER, J.C.C.
This matter is before the court on motions for a new trial made on behalf of plaintiff and of defendant Horace Smith pursuant to R. 4:49-1.
Plaintiff Sara Kuhner suffered serious injuries, including the amputation of one leg, when she was struck by a 1964 Plymouth automobile owned and operated by defendant Smith in the parking area of the Marlyn Manor shopping center. At trial in this court the jury found that Smith and Marlyn Manor were liable in negligence to plaintiff but that defendant Chrysler Corporation was not liable. The jury found damages in favor of Mrs. Kuhner in the amount of $300,000 and in favor of her husband Frederick in the amount of $50,000.
After the return of the verdict certain facts were brought to the attention of this court which led it to order that the jurors should be interrogated concerning their verdict. This order was stayed pending an appeal from it by defendant Chrysler. The Appellate Division held that it was improper to interrogate the jurors in this case concerning their answers to the special interrogatories posed to them. The cause was *557 remanded to this court for disposition of the other grounds raised by the motion for a new trial.
At oral argument on this motion counsel for plaintiff did not argue the issue of whether the communication made by the court to the jury regarding their request for clarification of Interrogatory No. 2 was improper as not having been done in open court. In any event, the response made was undertaken in chambers with the knowledge and consent of all counsel.
With respect to plaintiff's grounds for a new trial which deal with the instructions given to the jury (Nos. 4, 5, 7 and 9 through 33), the court has reexamined its charge to the jury and finds no error. (Grounds Nos. 1 through 3 and No. 6 were dealt with in the decision of the Appellate Division).
The principal contention advanced for plaintiff at oral argument, based largely on plaintiff's grounds Nos. 8, 34 and 35, was that this court erred with regard to its instructions to the jury concerning the duty of Chrysler Corporation to warn users of the dangers posed by the pushbutton gear selector. After instructing the jurors on the applicable law of negligence and on reasonable care this court said:
* * * now, a manufacturer not only owes a duty to exercise reasonable care in the manufacture and inspection of this product, but likewise owes a duty, owes a companion duty to warn buyers and users of the latent or hidden limitations of even a perfectly made article, the use of which is dangerous if the user is ignorant of those limitations and the manufacturer has no reason to believe that the user will recognize the danger. [Emphasis added]
No objection is made to the content of this instruction which sets out the rule established in Martin v. Bengue Inc., 25 N.J. 359, 366-367 (1957). However, immediately following this instruction the jury was then instructed with regard to the concept of strict liability in tort. It is plaintiff's contention that the instruction given by the court, because of the underlined language and because of the sequence in which it was given, informed the jury that "duty to warn" *558 was purely and solely applicable to a negligence theory of liability and had no applicability to the theory of strict liability in tort. This, contends plaintiff, was error which requires that a new trial be ordered.
It is clear that the instruction on a duty to warn did apply only to the negligence theory of liability. The jury was never told that under strict liability in tort the manufacturer has a duty to warn users of the dangers of a perfectly made product. The question thus arises as to whether such an instruction was proper and required.
It should be pointed out initially that Martin v. Bengue Inc., supra, was a negligence case which did not involve the theory of strict liability in tort. There seem to be no reported decisions in this State in which a manufacturer or distributor has been held strictly liable in tort for its failure to warn of a latent danger in a perfectly made product. In order to find a manufacturer strictly liable in tort the jury must find that the product was in a "defective condition." It seems anamolous to speak of a perfectly made product as "defective." But, Comment (h) to Restatement, Torts 2d, § 402A, says,
Where, however, he [the manufacturer] has reason to anticipate that danger may result from a particular use, as where a drug is sold which is safe only in limited doses, he may be required to give adequate warning of the danger * * * and a product sold without such warning is in a defective condition.
That is, the "defect" in the product is the failure of the manufacturer to warn of danger which may result from its use.
In New Jersey a product is deemed "defective" for strict liability purposes if it is "not reasonably fit for the ordinary purposes for which such articles are sold and used, and the defect arose out of the design or manufacture or while the article was in the control of the manufacturer, and it proximately causes injury or damage to the ultimate purchaser or reasonably expected consumer". Santor v. A.M. *559 Karagheusian, Inc., 44 N.J. 52, 66-67 (1965). Mrs. Kuhner, as an "innocent bystander," is a protected person, like a "reasonably expected consumer" who could recover from Chrysler Corporation if a jury were to find it strictly liable in tort. Lamendola v. Mizel, 115 N.J. Super. 514, 524 (Law Div. 1971), and cases cited therein at 521.
This definition of "defect" provided by the Santor case does not seem to include or particularly allow for the concept that a failure to warn of the dangers of a "perfectly made" product is a defect. But the Supreme Court in Santor pointed out that it was not attempting to define "the outer limits" of the term "defect." 44 N.J. at 67; 1 Frumer & Friedman, Products Liability § 16A [3][c] (1960).
As noted above, there appear to be no reported New Jersey decisions on a manufacturer's duty to warn under strict liability in tort theory. As the example given in comment (h) to § 402A indicates, many of the cases dealing with this concept concern drugs  either dosage or side effects. It may be that in some way drug cases are unique or distinguishable from other products liability cases. But there are several nondrug cases from other jurisdictions in which the manufacturer of a product faultlessly made, free of design defect, has been found strictly liable in tort for its failure to warn of dangers inherent in using the product. Dunham v. Vaughan & Bushnell Mfg. Co., 86 Ill. App. 2d 315, 229 N.E.2d 684, 689 (App. Ct. 1967) (hammer); Patch v. Stanley Works (Stanley Chemical Co. Div.), 448 F.2d 483 (2 Cir.1971) (textile coating compound); Boains v. Lasar Mfg. Co., 330 F. Supp. 1134, 1137 (D. Conn. 1971) (meat grinding machine); Crane v. Sears Roebuck & Co., 218 Cal. App.2d 85, 32 Cal. Rptr. 754 (D. Ct. App. 1963) (paint surface preparer); Gherna v. Ford Motor Co., 246 Cal. App.2d 639, 55 Cal. Rptr. 94 (D. Ct. App. 1966) (oil in automatic transmission); see Hall v. E.I. DuPont DeNemours & Co., Inc., 345 F. Supp. 353, 360 (E.D.N.Y. 1972) (blasting caps). The theory on which liability may be found was stated in *560 Dunham, supra, to be that "a product faultlessly made may be deemed `defective' if it is unreasonably dangerous to place the product within the hands of the user without suitable warning." 229 N.E.2d at 689.
In this case there was evidence upon which the jury could have found that the push-button automatic selector possessed latent dangers. The jury did not find that Chrysler was negligent for failing to warn buyers and users of such dangers. But the jury was not instructed that it should determine, if it found the system did present danger, whether or not Chrysler's failure to warn of the danger made the push button system "defective" and whether or not such a defect rendered Chrysler strictly liable in tort to Mrs. Kuhner. It is clear that were the jury to find that Chrysler had a duty to warn, that duty would exist and continue once Chrysler was apprised of the danger. Braniff Airways v. Curtiss Wright Corp., 441 F.2d 451, 453 (2 Cir.1969).
Thus, this court concludes that it failed to give the jury an instruction which should have been given.
The court, in considering this motion, has reviewed the instructions to the jury. The court has discovered that nowhere in the charge did it tell the jurors that in order to find for plaintiff against Chrysler Corporation it had only to find liability under any one of the three theories advanced, and not that they had to find Chrysler liable on all theories. This court is not now attempting to delve into how the jurors understood the charge or the special interrogatories. But the court, in instructing the jury, should have made this point clear and did not.
As was said in Hartpence v. Grouleff, 15 N.J. 545, 549 (1954), "Trial judges are wont to set aside verdicts, and properly so, when they are convinced or have a grave doubt that a portion of the charge may have misled the jury." See Barr v. Francks, 70 N.J. Super. 565, 568-570 (App. Div. 1961). In the present case the jury may have been misled as to the law by the instructions. This constitutes a miscarriage of justice under the law and the plaintiff is entitled *561 to a new trial on the issue of the liability of defendant Chrysler Corporation.
Defendant Horace Smith moved for a new trial on liability only. At oral argument his counsel sought to amend the motion to move further for a new trial on damages as well. The court notes that paragraph 7 of the motion states that "the amount of the verdict was excessive."
This court is convinced that, based upon the evidence presented, the jury reasonably could have found that Horace Smith was negligent and that his negligence was a proximate cause of the injuries to Mrs. Kuhner. Mr. Smith's motion for a new trial as to his liability is denied.
At the first trial, all issues relating to plaintiff's injuries and damages were litigated. This court finds that the damages as determined by the jury were justified by the evidence. A new trial as to damages will not be ordered.