147 N.J. Super. 279 (1977)
371 A.2d 288
ROBERT W. MOHR AND DOROTHY MOHR, HIS WIFE, PLAINTIFFS-APPELLANTS,
v.
B.F. GOODRICH RUBBER COMPANY, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued November 16, 1977.
Decided February 8, 1977.
*281 Before Judges LYNCH, MILMED and ANTELL.
Mr. Samuel C. Inglese argued the cause for appellant (Messrs. Moss and Inglese, attorneys).
Mr. Thomas T. Chappell argued the cause for respondent (Messrs. Lamb, Hutchinson, Chappell, Ryan & Hartung, attorneys; Mr. Thomas T. Chappell, of counsel; Ms. Mary B. Rogers on the brief).
PER CURIAM.
This is a product liability case wherein plaintiff Robert W. Mohr seeks damages for injuries suffered when a tire manufactured by defendant B.F. Goodrich Rubber Company (Goodrich) exploded while Mohr was mounting it on a rim. The central issue contested at the jury trial was whether the tire blew up because of a manufacturing defect in the bead[1] of the tire or because of the manner in which Mohr undertook to mount it. His wife Dorothy sued per quod.
The case was submitted to the jury on issues of (1) strict liability, (2) breach of warranty, (3) negligence and (4) contributory negligence on the part of plaintiff Mohr.
In response to special interrogatories the jury found that there was (1) no defect in the tire which was a proximate cause of the accident, and (2) no negligence in the manufacture of the tire which was a proximate cause, but (3) *282 contributory negligence on the part of Mohr which did proximately contribute to the cause of the accident. Judgment was thereupon entered in favor of defendant.
Plaintiffs moved for a judgment n.o.v. in their favor or, in the alternative, for a new trial. Both motions were denied. They now appeal. They contend that:
(1) They were entitled to a judgment n.o.v. on the issue of failure to warn;
(2) The judge erred in his jury charge;
(3) The interrogatories submitted to the jury did not encompass all the plaintiffs' theories of liability and therefore the final verdict cannot be sustained;
(4) The failure of the judge to dismiss or sever the case of Goodrich v. Barella (service station operator) was prejudicial;
(5) The excessive objections on the part of defendant's attorney were prejudicial;
(6) The judge erred in permitting cross-examination of plaintiffs' experts beyond the scope of direct examination, and
(7) He erred in requiring counsel to conduct summation during the jury's normal lunch hour.
We conclude that all of plaintiffs' contentions are without merit and require no comment (R. 2:11-3(e) (1) (B) (C) and (E)), except (1) and (2), dealing respectively with the "duty to warn" and the charge.

The Duty to Warn.
On this issue plaintiffs contend that they were entitled to judgment in their favor notwithstanding the verdict. They argue that the inherent danger of and potential injury from a tire exploding during the mounting procedure were foreseeable, and since Goodrich failed to give warning thereof, plaintiffs were entitled to judgment in their favor as a matter of law.
There is no question but that there is a duty to warn of the inherent dangers of physical harm from misuse of a product where the manufacturer knows of a possible misuse and resulting danger or should have known of it in the reasonable course of his business. Hursh and Bailey, American *283 Law of Products Liability 2 (2d ed. 1974), § 8:26 at 213-214. New Jersey has recognized this duty to warn. Kuhner v. Marlyn Manor, 129 N.J. Super. 554 (Law Div. 1974), rev'd on other grounds, 135 N.J. Super. 582 (App. Div. 1975).
Here, at several points in his charge, the trial judge told the jury of defendant's duty to warn and even pointed out that if plaintiff had been contributorily negligent as a result of not having the proper instructions as to use and a warning of possible dangers from misuse, then the contributory negligence was not a bar to recovery. See Hursh and Bailey, op. cit., § 8:36 at 239.
The evidence presented factual questions for the jury as to whether defendant had failed in its duty to warn. Among those issues were whether there was a label on the tire directing the user to follow the mounting procedure recommended by the Rubber Manufacturers Association, of which Goodrich was a member; whether, indeed, the tire was a new one, for if it were not, there would be no label on it; whether plaintiff's testimony that the label was missing on the tire was credible; whether wall charts containing instructions and warnings disseminated by Goodrich through the Rubber Manufacturers Association and the Tire Industry Safety Council provided adequate warnings, and whether the service station where the accident occurred had in fact received, or even heard of, such wall charts. The law as to "duty to warn" having been properly put to the jury, plaintiffs can have no legal complaint on appeal. We therefore find no error in this respect.

The Charge to the Jury
A party is not entitled to have a jury charged in words of his own choosing. If the charge adequately covers the matter requested, there is no error. State v. Thompson, 59 N.J. 396 (1971). Further, sections of a jury charge cannot be read in isolation. The charge must be read as a *284 whole. State v. Wilbely, 63 N.J. 420 (1973). Taking into account the above guidelines, it is clear that the trial judge did not misstate or disregard any of plaintiffs' legal contentions.
Plaintiffs contend that the trial judge erred in charging:
When it is alleged that there is more than one possible cause for the breakage in a product, the plaintiff is required to introduce evidence which would indicate that one of the causes was more probable than the others.
It is plaintiffs' contention that the judge was here charging that the plaintiffs had to prove a particular defect, contrary to Moraca v. Ford Motor Co., 66 N.J. 454 (1975), and Scanlon v. General Motors Corp., 65 N.J. 582 (1974). We do not so read the quoted portion of the charge. When the charge is considered as a whole, with particular emphasis on the several paragraphs immediately preceding the quoted language, it becomes apparent that what the judge was charging was that plaintiffs had to prove that it was more probable that a manufacturer's defect rather than a consumer's misuse caused the tire to explode. This is, of course, correct and no error exists in the charge thus given.
Plaintiffs next contend that there was error in that portion of the charge relating to evaluation of the testimony of the experts in the case. The court said:
It is always within the special function of a jury to decide whether the facts on which the answer of an expert is based actually exist, and the value or the weight of the testimony of the expert is dependent upon and no stronger than the facts on which it is predicated.
There is no merit whatever in plaintiffs' criticism of this portion of the charge.
Plaintiffs also argue that the trial judge erred in charging that it was plaintiffs' burden to prove their claims by a "preponderance of the evidence." The assertion is that *285 they need only submit "heavier than near [sic mere] surmise or conjecture." We know of no support for the contention and it is rejected.
Plaintiffs strongly object to that portion of the charge which states that the defect in the product had to arise in the manufacturing process "and," rather than "or," while in defendant's control. The "and" was clearly incorrect since only one of the two criteria need be met to prove a claim in strict liability. However, during the course of the charge the trial judge several times gave instructions that when a defect occurs while the product is in the control of the manufacturer, this is an alternative method of proving liability. The methods of proving strict liability were explained clearly enough throughout the course of the trial to make it evident to the jury that this quoted statement was a minor inaccuracy, not prejudicial to plaintiffs in light of the charge as a whole.
Finally, plaintiffs say that a charge on contributory negligence was incorrectly mixed with the charge on strict liability. Contributory negligence can be a bar to recovery in strict liability, with the exception of those cases where the consequences of plaintiff's contributory negligence could have been avoided by the manufacturer's exercise of due care. Devaney v. Sarno, 125 N.J. Super. 414 (App. Div. 1973), aff'd 65 N.J. 235 (1974). An example of the first exception is plaintiff negligently putting his hand in a machine when the manufacturer's negligence consisted of failing to install a guard to keep the worker's hand out. Bexiga v. Havir Mfg. Corp., 60 N.J. 402 (1972). The trial judge charged correctly on contributory negligence within these confines.
We find no merit in plaintiffs' other criticisms of the charge. In sum we find that it met the test as stated in Ellis v. Caprice, 96 N.J. Super. 539, 546 (App. Div.), certif. den. 50 N.J. 409 (1967):
* * * the ultimate test of the soundness of instructions to the jury is not what the ingenuity of counsel can, at leisure, work out the *286 instructions to mean, but how and in what sense, under the evidence and the circumstances of the trial, ordinary jurors would understand the instructions as a whole.
The judgment in favor of defendant is affirmed.
NOTES
[1] The bead is that section of the sidewall of the tire which is hidden under the rim. If the tire were seen unmounted the bead would be that section of the sidewall which slopes inward toward the well. There are two beads on a tire, one on each sidewall.