**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0050-19T3

SABRINE KASTRATI
and SAM KASTRATI,

     Plaintiffs-Appellants,

v.

PREMIER ENDOSCOPY, LLC,

     Defendant-Respondent.

_____

          Submitted April 22, 2020 – Decided May 7, 2020

          Before Judges Haas and Mayer.

          On appeal from the Superior Court of New Jersey, Law
          Division, Passaic County, Docket No. L-3019-17.

          Peter N. Davis & Associates, attorneys for appellants
          (Nicholas Barone and Michael Anthony Mattessich, on
          the brief).

          Giblin, Combs, Schwartz, Cunningham & Scarpa,
          attorneys for respondent (Stewart Arnold Cunningham
          and Craig M. Wagenblast, on the brief).

PER CURIAM

In this personal injury action, plaintiffs Sabrine Kastrati and her husband Sam[1] appeal from the Law Division's July 26, 2019 order granting defendant Premier Endoscopy, LLC's motion for summary judgment and dismissing their complaint because they did not file an affidavit of merit. We reverse.

We begin by summarizing the facts, viewed in the light most favorable to plaintiffs in our consideration of defendant's summary judgment motion. Polzo v. Cty. of Essex, 209 N.J. 51, 56 n.1 (2012) (citing Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 523 (1995)). On October 23, 2015, Sabrine went to defendant's facility for a colonoscopy and endoscopy. After the procedure was completed, Sabrine awoke in a recovery room. She alleged that a nurse began yelling at her to "wake up," and told her it was "time to go" to the dressing room to change her clothes before leaving the facility.

The facility had a single dressing room for both pre- and post-procedure patients. Sabrine stated she felt tired, sleepy, and dizzy. Because she could not walk to the dressing room by herself, Sabrine held on to the nurse's arm. After assisting Sabrine in getting to the dressing room, the nurse closed the door and went to the kitchen where another nurse was eating lunch. Sabrine alleged she

---

[1]  Because plaintiffs share the same surname, we refer to them by their first names in order to avoid confusion. In doing so, we intend no disrespect.

A-0050-19T3

still felt sleepy. She remembered walking to the middle of the dressing room and then she "was out[.]"

When she woke up on the floor, Sabrine began screaming from the pain she felt on the right side of her body, including her hip. Eventually, several staff members came to the room and Sabrine told them she had injured her hip. The staff picked her up and put her in a wheelchair, and later transferred her to a bed. The staff refused to call an ambulance to come to the facility to assist Sabrine, and her daughter drove her to a hospital, where she was treated for injuries, including a broken hip caused by the fall.

On September 21, 2017, plaintiffs filed a complaint against defendant. The complaint contained one count of negligence applicable to defendant for "failing to properly supervise and/or monitor [Sabrine] which in turn caused [her] to sustain a slip and fall accident immediately following her procedure," and for "negligently and carelessly leaving [Sabrine] without assistance following her procedure."[2]

Plaintiffs did not assert any claim for medical malpractice against defendant, and did not name the physician who performed the procedure, the anesthesiologist, or the nurses as defendants. The complaint was placed on the

_____

[2] Sam sought damages for loss of consortium.

"personal injury" track. However, defendant filed an answer, and asserted that Sabrine's allegations were for medical malpractice and, as result, plaintiffs were required to file an affidavit of merit (AOM).

When determining whether a cause of action alleges a claim of professional negligence or ordinary negligence, a court must scrutinize the legal claims alleged. Couri v. Gardner, 173 N.J. 328, 340-41 (2002). "It is not the label placed on the action that is pivotal but the nature of the legal inquiry." Id. at 340. The court must consider whether "a claim's underlying factual allegations require proof of a deviation from a professional standard of care[.]" Ibid.

Where a negligence claim against a defendant involves a deviation from a professional standard of care, thus constituting professional negligence, an AOM is required. Id. at 340-341. However, not every claim against a licensed professional requires an AOM. Palanque v. Lambert-Woolley, 168 N.J. 398, 406 (2001). Indeed, a plaintiff need not supply an AOM if defendant's negligence is a matter of common knowledge, such as ordinary negligence. Ibid. The common knowledge doctrine applies where "jurors' common knowledge as lay persons is sufficient to enable them, using ordinary understanding and experience, to determine a defendant's negligence without the benefit of the

4

specialized knowledge of experts." Hubbard ex rel. Hubbard v. Reed, 168 N.J. 387, 394 (2001) (quoting Estate of Chin v. Barnabas Med. Ctr., 160 N.J. 454, 469 (1999)).

Under the AOM statute, N.J.S.A. 2A:53A-26 to -29, the AOM should be filed within sixty days of the filing of the answer. N.J.S.A. 2A:53A-27. However, the AOM may still be deemed timely if the plaintiff establishes good cause and obtains leave from the court. Paragon Contrs., Inc. v. Peachtree Condo, Ass'n, 202 N.J. 415, 422 (2010). The failure to file a timely AOM "generally requires dismissal with prejudice because the absence of an [AOM] strikes at the heart of the cause of action." Ibid.

When there is a dispute as to whether an AOM is required, the trial court must conduct a Ferreira[3] hearing before dismissing the complaint with prejudice. A Ferreira hearing is "an accelerated case management conference [to] be held within ninety days of the service of an answer in all malpractice actions." Id. at 154. "At the conference, the parties and the court are to identify any failure to comply with the [AOM] statute in time to correct it within the statutory time limit[.]" Paragon, 202 N.J. at 423.

---

[3] Ferreira v. Rancocas Orthopedic Assocs., 178 N.J. 144 (2003).

A-0050-19T3

The trial court did not conduct a <u>Ferreira</u> hearing in this case. Instead, defendant filed a motion to dismiss the complaint because plaintiffs had not filed an AOM. The trial judge denied the motion on May 29, 2018. In his oral decision, the judge found that an AOM was not required because plaintiffs were alleging ordinary negligence on defendant's part, rather than a claim for medical malpractice. The judge stated that

> given the nature of the allegation and forgetting the various labels that counsel are putting on it, and acknowledging that this is a close question, I'm of the opinion that an [AOM] is not required based on the allegations in this case.
>
> I think that it's within the common knowledge of jurors to hear what happened and determine if there was negligence on the part of the . . . staff.

Three weeks before the June 1, 2019 discovery end date, defendant filed a motion for summary judgment. Defendant again asserted that plaintiffs' allegations sounded in medical malpractice and because they had still not submitted a liability expert's report in support of their claims, plaintiffs could not prove their case.

Plaintiffs opposed the motion, and pointed out that the judge had already determined that their claims fell under the common knowledge doctrine and, therefore, no expert report or AOM was required. Nevertheless, on June 3, 2019,

6

plaintiffs submitted an expert report prepared by a registered nurse, who opined that Sabrine's injuries "could have been avoided had [she] had the proper supervision required post procedure."[4]

Defendant's summary judgment motion was heard by a different trial judge. The second judge framed the primary issue for resolution as whether the first judge "should have tossed [the complaint] at the outset" because this was a "medical, professional negligence" case that required an AOM. In answering this question in the affirmative, the second judge stated:

> I'm going to grant the motion. I find this was a professional malpractice case or claim. I do so because the inference is that whoever made the decision that the anesthesia had properly worn off and that this woman was good to go and get back to the dressing room really deviated from the accepted standard based on her complaints that she was and then therefore, they should have kept her longer in recovery.
>
> I will admit that her complaints do – if I was going to find there was just general negligence, her complaints would probably cause a genuine issue of material fact but because I believe that this count is really a professional negligence/medical malpractice case, there should have been an [AOM]; there wasn't.

---

[4] The June 1, 2019 discovery end date fell on a Saturday. Thus, plaintiffs' submission of their expert's report on Monday, June 3, 2019, was timely under Rule 1:3-1, which states that if the last day of a period of time fixed by a court rule falls on either a Saturday, Sunday, or legal holiday, the time period "runs until the end of the next day which is neither a Saturday, Sunday nor legal holiday."

A-0050-19T3

> You need an expert. I mean, it's also an admission by producing the nurses expert towards the end of discovery and she gives basically the professional standards of what you – what – how to analyze this and she – you know, she's a registered nurse. I believe the woman who brought her to the dressing room was a registered nurse.
>
> I find therefore that this was a count of medical or professional negligence, and therefore, I'm going to grant the application to dismiss this with prejudice.

This appeal followed.

On appeal, plaintiffs contend that the second judge erred by reviewing the first judge's ruling that an AOM was not required and changing the law of the case by concluding that because an AOM was not provided, their complaint had to be dismissed. They also assert that even if they had to submit an expert's report, they did so on the discovery end date and the second judge erred by failing to consider it. We agree.

In deciding motions for summary judgment, we, like the trial court, review "the competent evidential materials submitted by the parties to identify whether there are genuine issues of material fact and, if not, whether the moving party is entitled to summary judgment as a matter of law." Bhagat v. Bharat A. Bhagat & Cranbury Hotels, LLC, 217 N.J. 22, 38 (2014); R. 4:46-2. Summary judgment should be denied unless the moving party's right to judgment is so clear that

A-0050-19T3

there is no room for controversy.  Akhtar v. JDN Props. at Florham Park, L.L.C., 439 N.J. Super. 391, 399 (App. Div. 2015).  Applying this standard, we are constrained to reverse the second judge's grant of summary judgment to defendant.

The first judge analyzed the parties' contentions concerning the nature of plaintiffs' claim and concluded that it sounded in ordinary negligence.  Because the matter was not a medical malpractice case and the common knowledge doctrine applied, the judge determined that plaintiffs were not required to submit an AOM.  This decision constituted the law of the case.  "The 'law of the case' doctrine embodies 'the principle that where there is an unreversed decision of a question of law or fact made during the course of litigation, such decision settles the decision for all subsequent stages of the suit.'"  L.T. v. F.M., 438 N.J. Super. 76, 88 (App. Div. 2014) (quoting Slowinski v. Valley Nat'l Bank, 264 N.J. Super. 172, 179 (App. Div. 1993)).  "The rule is based on the policy that, when an issue is litigated and decided in a case, that decision should be the end of that issue."  Ibid. (citing Slowinski, 264 N.J. Super. at 179).

A trial judge may reconsider an interlocutory order if the judge determines the matter was incorrectly decided.  Lombardi v. Masso, 207 N.J. 517, 539 (2011).  But our system of civil litigation does not permit one trial judge to

9

review whether the decision of another judge "of coordinate jurisdiction" is correct in the same way that an appellate court does. See Akhtar, 439 N.J. Super. at 399 (stating that "relitigation of an interlocutory order before successive judges of coordinate jurisdiction is generally disfavored").

In Cineas v. Mammone, 270 N.J. Super. 200, 207-08 (App. Div. 1994), we stated: "judges should not vacate orders of judges of co-ordinate jurisdiction unless there are exceptional circumstances" or "unless there has been a material change in the facts or available evidence." There were no exceptional circumstances in this case, nor any changes in the facts or the evidence. The first judge's decision that an AOM was not required was not "a denial of justice under the law" that warranted the second judge's contrary ruling. Clarkson v. Kelly, 49 N.J. Super. 10, 18 (App. Div. 1958) (quoting Hartpence v. Grouleff, 15 N.J. 545, 548 (1954)).

A second judge would also be justified in reconsidering and vacating a prior order if there was an intervening change in the law or an authoritative judicial decision that affected the prior decision. See Fujisawa Pharm. Co. v. Kapoor, 151 F.3d 1332, 1339 (7th Cir. 1997) ("The doctrine of law of the case requires the second judge in a case in which there has been a reassignment to abide by the rulings of the first judge unless some new development, such as a

new appellate decision, convinces him that his predecessor's ruling was incorrect."). There was no change in the law in this case.

The second judge simply had a different view of the nature of the case from that of the first judge. His decision that an AOM was needed essentially amounted to a one-judge review of a trial court decision, the equivalent of the appellate process reserved for this court and the Supreme Court.

Moreover, the second judge's decision to require an expert report at that late date was unfair to plaintiffs in view of the fact that the entire case had proceeded on the ordinary negligence, personal injury track based on the common knowledge doctrine. In addition, the second judge's decision to grant defendant's summary judgment motion ignored the fact that plaintiffs did submit an expert report from a registered nurse on the question of liability in response to the application. The judge did not adequately review the report on the record, and did not find that the report was insufficient to meet any argument defendant might press at trial concerning the issue of its liability for Sabrine's injury.

Under these circumstances, we reverse the second judge's grant of summary judgment to defendant, reinstate plaintiffs' complaint, and remand for further proceedings.

Reversed and remanded. We do not retain jurisdiction.

11

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0050-19T3